UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

ROY JOHNSON                               NUMBER 07-147-JJB-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 3, 2011.

                               STEPHEN C. RIEDLINGER
                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL ACTION

ROY JOHNSON                                               NUMBER 07-147-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by petitioner Roy Johnson. Record document number 91. The United States of America filed an opposition.[1]

### Procedural History

Petitioner was charged in a three-count indictment with violating 18 U.S.C. § 1341, mail fraud. On February 13, 2008, a jury found the petitioner guilty of all three counts. On January 29, 2009, the petitioner was sentenced to 33 months imprisonment in the custody of the United States Bureau of Prisons.

On February 3, 2009, petitioner appealed his conviction and sentence. The United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court. *United States v. Roy Johnson,* No. 09-30099 (5th Cir. 2010). Petitioner did not seek review by the United States Supreme Court.

---

[1] Record document number 95.

Petitioner filed his motion on December 27, 2010. Petitioner raised three grounds for relief: (1) the conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (2) the prosecution failed to disclose authentic favorable evidence to the defendant; and (3) denial of effective assistance of counsel.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

**Applicable Law and Analysis**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Grounds 1 and 2: Procedural Default**

In his first ground for relief, the petitioner argued that his conviction was obtained pursuant to an unlawful arrest. Specifically, the petitioner argued that because the agent who worked on his case was employed by the Department of Homeland Security rather than FEMA or a law enforcement agency, the agent was without legal authority to investigate the petitioner's alleged wrongdoing.

In the second ground for relief, the petitioner argued that the prosecution failed to disclose authentic favorable evidence to the defense.  Specifically, the plaintiff alleged that following the trial, he received documents from FEMA which indicate that he did not provide FEMA with a New Orleans or Denham Springs address.  A review of the record showed that the petitioner was in possession of the document no later than January 4, 2009, which was several weeks before he was sentenced.  Petitioner attached the document to his January 4, 2009 letter to the district judge.[2]

Following a conviction and exhaustion or waiver of the right to direct appeal, the defendant is presumed to stand fairly and finally convicted.  *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978 (1992).  A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error.  *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998); *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982).

The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from

---

[2] Record document number 53, p. 4.

3

timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.

If the alleged error is not constitutional or jurisdictional, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). In order to prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *United States v.* Flores, 981 F.2d 231, 236 (5th Cir. 1993).

Petitioner has not shown the he could not have raised these grounds for relief on appeal, nor did he argue that he has overcome the procedural bar by demonstrating the necessary cause and prejudice. Petitioner has not asserted that he is actually innocent of mail fraud in violation of 18 U.S.C. § 1341. Consequently, he has not shown that refusing to consider these claims will result in a fundamental miscarriage of justice.

Petitioner's claims that his conviction was obtained pursuant to an unlawful arrest and that the prosecution failed to disclose authentic favorable evidence to the defense are procedurally

4

barred.

Even assuming these claims are not procedurally barred, grounds for relief one and two lack merit.

With regard to the petitioner's first ground for relief, he argued that because the agent who worked on his case was employed by the Department of Homeland Security rather than FEMA or a law enforcement agency, the agent was without legal authority to investigate his alleged wrongdoing.

Petitioner does not have a constitutional right to have allegations of fraud investigated by a particular law enforcement agency. The record evidence showed that the petitioner's criminal activity was investigated by Special Agent Roger E. White, who was employed by the United States Department of Homeland Security, Office of Inspector General.[3] The Office of Inspector General is statutorily charged with the responsibility of investigating fraud and abuse. 6 U.S.C. § 113(b); Inspector General Act of 1978, § 2(2), 5 U.S.C.A. App. 3. Petitioner's first ground for relief is without merit.

With regard to the petitioner's second ground for relief, the petitioner argued that the prosecution failed to disclose authentic favorable evidence to the defense. The document at issue is a photocopy of a computer screen page which is identified as "disaster 1603 Louisiana Hurricane" and contains the petitioner's

---

[3] Record document number 68, Trial Transcript, pp. 171-72.

name, social security number and information regarding amounts and dates of payment dispersals.  A copy of the document at issue is also attached to the petitioner's § 2255 motion.[4]

A review of record showed that on August 10, 2007, the government provided the petitioner's counsel with documents identified as Bates numbers RJ 1 through RJ 301.[5]  The document identified as RJ 92 contains the same information as the document the petitioner argued was withheld.[6]  There is no evidence that the prosecutor withheld exculpatory evidence.

**Ground 3: Ineffective Assistance of Counsel**

In his third ground for relief, the petitioner argued that he was denied effective assistance of counsel.  Specifically, the petitioner argued that counsel failed to call his two brothers as witnesses.  Petitioner argued that his brother Mozine Johnson would have testified that prior to Hurricane Katrina he retrieved from the petitioner some of the items the petitioner claimed in his FEMA application.  Petitioner argued that Mozine Johnson's testimony was relevant because the prosecutor argued that the petitioner did not have any personal property damaged during the storm.  Petitioner argued that his brother Warren Johnson would have testified that

---

[4] Record document number 91, p. 13.

[5] Record document number 55-1, United State's Pre-Hearing Brief, exhibit A.

[6] *Id.* at p. 3.

6

the petitioner had personal property at the North Prieur Street residence prior to and during Hurricane Katrina which was destroyed as a result of the storm. Petitioner argued that Warren Johnson would have also testified that it was impossible for the petitioner to use the North Prieur Street address on his FEMA application because FEMA would not approve two applicants who used the same address and claimed head of household status.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

For the reasons explained by the Untied States of America in its opposition memorandum, the plaintiff failed to demonstrate that these witnesses would have aided in his defense. There is no basis

7

upon which to conclude that there is a reasonable probability that, but for counsel's failure to call the petitioner's brothers as witnesses, the result of the proceeding would have been different. *Strickland*, 466 U.S. 694, 104 S.Ct. at 2068.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, March 3, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE